THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKLIN D. B. SMITH, Guardian ad Litem of MARJORIE HELEN SMITH, a Minor, Appellant, v. ROBERT PARKER and Others, Comprising the Board of Assessors of the Town of Long Lake, Hamilton County, N. Y., and HARRISON D. JENNINGS and Others, Acting or Purporting to Act as Water Commissioners of Water District No. 2 of the Town of Long Lake, Hamilton County, N. Y., Respondents.— Appellant, a taxpayer in the town of Long Lake, Hamilton county, has petitioned for an order of certiorari directed to the assessors of the town, and to the water commissioners of Water District No. 2, located in that town, to review an assessment for the benefits arising because the lands assessed are located in the water district. The application as to the assessors has been granted but denied as to the water commissioners. The appeal is from the denial. The petition seeks in this proceeding to review the formation of the water district, and to question the benefit of the water supply to the petitioner. The petitioner has mistaken his remedy. (Town Law, § 195.) The law as to the assessment of benefits has already been considered and passed upon by the courts of this State. (*Matter of Syracuse, B. & N. Y. R. R. Co. v. Van Amburgh*, 223 App. Div. 485; affd., 251 N. Y. 548; *People ex rel. D., L. & W. R. R. Co. v. Wildy*, 262 id. 109.) Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

EDWARD BERNIER, Respondent, v. JOHN LAWRENSON and EDMUND SULLIVAN, Appellants.— Appeal from a judgment of the County Court of Rensselaer county, entered upon a verdict, and from an order denying motion to set aside the verdict and for a new trial. The action was for false arrest. The plaintiff alleges that two police officers of the city of Troy came to his room in a building of the Rensselaer Polytechnic Institute without a warrant or other legal process, and without cause or provocation pointed a revolver at him, accused him of crime, without any evidence that a crime had been committed, searched his room, handcuffed him to one of the officers, took him to a police headquarters, and there caused him to be photographed and finger-printed, and then dismissed him without taking him before a magistrate or other tribunal. The jury returned a verdict of $500, upon which judgment for that amount and costs was entered. The evidence justified the finding of the jury. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.